UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven E. Hatch, as parent of
minor children D.H. and J.H.

   v.                                       Civil No. 10-cv-263-JD
                                                Opinion No. 2010 DNH 160

Milford School District


O R D E R


    Steven Hatch, proceeding pro se, sued the Milford School District in Hillsborough County Superior Court, alleging claims of breach of contract, child endangerment, discrimination, emotional abuse, neglect of minors, and contributing to the sexual abuse of a minor on behalf of his two minor children, D.H. and J.H.  Citing 28 U.S.C. §§ 1331 and 1441, the Milford School District ("Milford") removed the case to this court.  Milford answered the complaint and then filed a motion to dismiss.  Hatch objected to the motion.


Standard of Review

    When, as here, the defendant has filed an answer, a motion to dismiss is properly considered as a motion for judgment on the pleadings.  "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 n.3 (1st Cir. 2009). "[T]o survive a . . . motion for judgment on the pleadings . . ., the complaint must plead facts that raise a right to relief above the speculative level." Citibank Global Mkts., Inc. v. Rodríquez Santana, 573 F.3d 17, 23 (1st Cir. 2009). A Rule 12(c) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted). In deciding the motion, the court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion--here, the plaintiff-- and draw all reasonable inferences in the plaintiff's favor." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007) (citation omitted).[1]

---

[1] In its motion, the Milford states that "[a] complaint should be dismissed if it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Deft.'s Mot. at 2. That standard, from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).

2

Background

Hatch alleges that his daughter, D.H., has been diagnosed with mental retardation and his son, J.H., has been diagnosed with autism.  Both minor children receive services and education in the Milford schools.  At some point, Hatch and Milford created and signed individualized education programs ("IEPs") for D.H. and J.H.  Hatch alleges that Milford staff failed to provide services and failed to follow procedures that were provided in the IEPs, which resulted in harm to both children.  Among the harms he alleges was sexual abuse of D.H. by another minor child in a Milford classroom.  Hatch also alleges that Milford's failure to follow the IEPs led to J.H. being without adult supervision for an unspecified period of time.

Hatch further alleges that Milford continues to provide an unsafe and inadequate education to D.H. and J.H., and that it is discriminating against the two children.  Hatch seeks $3,000,000 in compensatory and punitive damages.

In its answer, Milford agrees that the children are students in the district and that the children have received the stated diagnoses and services.  According to Milford, inappropriate sexual contact occurred between D.H. and another student while a teacher was showing a movie.  The Milford Police Department investigated and concluded that both children engaged in and

consented to the touching.  Milford also asserts that J.H. was not left without adult supervision, as Hatch alleges.

## Discussion

Milford contends that the complaint should be dismissed because the claims are all based on violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., and Hatch has not exhausted his administrative remedies, as the IDEA requires.  Milford  also contends that Hatch is barred from recovering damages under other federal laws, including Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983, because his claims are based on IDEA violations.  Hatch objects to the motion, arguing that his complaint should not be dismissed because he has alleged discrimination and negligence.

I.   Federal Claims and Administrative Exhaustion

The IDEA was intended, inter alia, "to ensure that all children with disabilities have available to them a free appropriate public education," and "that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A) & (B).  Accordingly, the Act requires that state and local educational agencies "shall have in effect,

for each child with a disability in the agency's jurisdiction, an individualized education program." § 1414(d)(2)(A).  Milford agrees that it is required, under the IDEA, "to provide D.H. and J.H. with a free appropriate public education in accordance with their IEPs."  Deft.'s Memo. at 2.

The IDEA provides a procedure for asserting rights under the Act, including an impartial due process hearing and an appeal of the outcome of that hearing.  See 20 U.S.C. § 1415(f) & (g).  Although the IDEA does not restrict the rights available under other federal laws, before actions may be filed under the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, "or other Federal laws protecting the rights of children with disabilities," the claimant must comply with exhaustion procedures required by the IDEA.  § 1415(l).[2]  The IDEA provides a comprehensive remedial scheme, and therefore, when a claim is based on a right provided under the IDEA, the IDEA's exhaustion requirements apply.  Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28-29 (1st Cir. 2006); Frazier v. Fairhaven

---

[2] In some cases a party will not be required to pursue the due process hearing and appeal, such as where doing so would be futile, but "the IDEA's exhaustion requirement remains the general rule, and a party who seeks to invoke an exemption bears the burden of showing that it applies."  Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002).  Hatch has not argued that any exemption applies in this case.

Sch. Comm., 276 F.3d 52, 64 (1st Cir. 2002); Bowden v. Dever, 2002 WL 472293, at *3 (D. Mass. Mar. 20, 2002) ("Frazier holds that a plaintiff must exhaust administrative procedures with respect to any claim that asserts a violation of the right to a [free, appropriate public education]," or "if the IDEA procedures either can provide some meaningful relief or a superior record on which the court could make its determination.").

Hatch does not explicitly bring claims under the IDEA or any federal law. Hatch alleges, however, that the staff members' "failure to follow agreed upon services and procedures within the written IEP . . . resulted in endangerment, neglect, and emotional trauma to [J.H.]." Id. at 2. Further, Hatch alleges, the Milford "continue[s] to fail to provide a safe and adequate education to [D.H. and J.H.]," and in so doing, is "acting in a discriminatory mode against [the children]." Id.

As alleged, those claims are based on rights provided under the IDEA. Hatch has not alleged that he pursued any of the administrative remedies required by the IDEA, nor does he dispute Milford's contention that he has not exhausted his administrative remedies. Therefore, to the extent Hatch intended to bring claims under the IDEA, the Americans with Disabilities Act, or any other federal law, the claims fail because they allege IDEA-based claims, and Hatch has not exhausted the prerequisite

administrative remedies.  Diaz-Fonseca, 451 F.3d at 28-29; Frazier, 276 F.3d at 64; see also Cudjoe v. Indep. Sch. Dist. No. 12, 297 F.3d 1058, 1063 (10th Cir. 2002) ("[I]f a student with a disability seeks to bring a claim for educational injuries, then he must plead and show either that he has exhausted his administrative remedies under the IDEA or that the relief he [is] seeking is not available under the IDEA.").

Hatch's federal claims are dismissed due to his failure to exhaust administrative procedures.

II.  State Law Claims

Hatch may also allege state law negligence claims.  Milford removed this suit from state court on the basis of federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1441(a).  Under 28 U.S.C. § 1367(c)(3), the court "may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction."

"[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."  Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998).  In that circumstance, a

federal court should "refrain[] from exercising supplemental jurisdiction over [the plaintiff's] state law claims and remand[] them to state court." Id. at 673.

This case has been pending in federal court for less than two months. The trial is scheduled for September 20, 2011, more than a year away. Accordingly, the case, which consists of only state law claims, is remanded to the New Hampshire Superior Court, Hillsborough County, Southern District.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (doc. no. 6) is granted with respect to the plaintiff's federal claims. The court declines to exercise supplemental jurisdiction over the state law claims.

The clerk of court shall enter judgment on the federal claims and return the case, with the remaining state law claims, to the New Hampshire Superior Court, Hillsborough County, Southern District.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 2, 2010

cc: Diane M. Gorrow, Esquire
    Steven E. Hatch, pro se

8