UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steven E. Hatch, as parent
of minor children, D.H. and J.H.

    v.                                Civil No. 10-cv-263-JD

Milford School District

O R D E R

      Steven Hatch, proceeding pro se, brought suit against the Milford School District in state court, alleging claims arising from his concerns about the education and environment the Milford School District ("Milford") had provided for his minor children, D.H. and J.H.  Milford removed the case to this court, based on federal question jurisdiction.  Milford then moved to dismiss Hatch's claims on the ground that Hatch had not exhausted his administrative remedies.  The court granted Milford's motion with respect to the federal claims and remanded the case to state court.  Hatch moves for reconsideration.

      Following a final judgment, a motion for reconsideration, seeking relief from the judgment, is governed by Federal Rule of Civil Procedure 60(b), which provides five specific grounds for relief and a "catch all" ground for "any other reason that justifies relief."  See Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010).  Hatch does not specify a ground for

his motion, and the court concludes that reconsideration is not appropriate in this case.

In his first paragraph, Hatch describes a meeting with the superintendent of schools and the school board, which may have addressed the incident of inappropriate sexual activity involving Hatch's daughter and another student. The meeting does not meet the prerequisite that Hatch must exhaust administrative remedies. See 20 U.S.C. § 1415(i)(2); see also Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28-29 (1st Cir. 2006). Similarly, Hatch's further discussion of the incident of sexual activity, in paragraph 3, does not provide grounds for reconsideration.

In paragraph 2, Hatch appears to argue that his suit should remain in federal court because he intended to amend his complaint to add a civil rights claim. Even if Hatch were to amend, as he suggests, the subject matter of the claim would be based on a right provided under the Individuals with Disabilities Education Act ("IDEA"). As explained in the previous order granting, in part, Milford's motion to dismiss, because the IDEA provides a comprehensive remedial scheme, the IDEA's exhaustion requirements apply to all claims for money damages raising rights protected under the IDEA. See Diaz-Fonseca, 451 F.3d at 28-29; Frazier v. Fairhaven Sch. Committee, 276 F.3d 52, 61 (1st Cir. 2002). Therefore, in the absence of exhaustion, Hatch cannot

bring a civil rights claim based on the allegations in his complaint.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 15) is denied.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

September 30, 2010

cc: Diane M. Gorrow, Esquire
     Steven E. Hatch, pro se